UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAMIAN HOOVER,** : | Civil No. 1:19-CV-579 |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| **ANDREW SAUL,** : | |
| **Commissioner of Social Security,** : | |
| : | |
| **Defendant.** : | |

## ORDER

This case is a Social Security appeal which is fully briefed on its merits. In this appeal, the plaintiff argues various merits issues and also contends that this appeal should be remanded for rehearing before a properly appointed Administrative Law Judge, pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). The Supreme Court's decision in *Lucia* held that S.E.C. Administrative Law Judges were "Officers of the United States", within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2, cl. 2, and therefore should have been appointed to their positions by either the President, a court of law, or the Department head. Since the S.E.C. ALJ was not properly appointed, the Supreme Court held that to "cure the constitutional error, another ALJ . . . must hold the new hearing to which [the plaintiff] is entitled." *Lucia v. S.E.C.,* 138 S. Ct. 2044, 2055, 201 L. Ed. 2d 464

(2018). The plaintiff argues that the Social Security ALJ in this case was also not properly appointed under the Appointments Clause; that the Court's rationale in *Lucia* should apply to this Social Security ALJ; that Bentley is also entitled to a new hearing before a properly appointed ALJ; and seeks a remand on this basis.

The Commissioner has filed a brief in opposition to this appeal and a motion to stay this case (Doc. 16), which notes that this Appointments Clause issue should not recur because its ALJs have now all been properly appointed. SSR 19-1p, 2019 WL 1324866 at *2. Moreover, the Commissioner argues that remand is not necessary here, contending that the greater weight of authority has rejected attacks on the validity of an SSA ALJ's appointment where the claimant failed to make the constitutional challenge at the administrative level.[1] All parties acknowledge,

---

[1] *See, e.g., Allen v. Berryhill*, 2019 WL 1438845, at *13 (N.D. Cal. Mar. 31, 2019); *Johnson v. Berryhill*, 2019 WL 1430242, at *14 (D. Conn. Mar. 29, 2019); *Mercer v. Comm'r of Soc. Sec.*, 2019 WL 1433762, at *3 n.5 (N.D. Ala. Mar. 29, 2019); *Perez v. Berryhill*, 2019 WL 1405642, at *5 (S.D. Fla. Mar. 28, 2019); *Wreede v. Comm'r of Soc. Sec.*, 2019 WL 1324024, at *22 (N.D. Ohio Mar. 25, 2019); *Lee v. Berryhill*, 2019 WL 1299366, at *1 (E.D. Va. Mar. 21, 2019); *Del Valle-Roman v. Berryhill*, 2019 WL 1281171, at *2 (M.D. Fla. Mar. 20, 2019); *Flack v. Comm'r of Soc. Sec.*, 2019 WL 1236097, at *2-4 (S.D. Ohio Mar. 18, 2019); *Hernandez v. Berryhill*, 2019 WL 1207012, at *6-7 (D. Neb. Mar. 14, 2019); *Fitzgerald v. Berryhill*, 2019 WL 1125666, at *2-4 (W.D. Ky. Mar. 12, 2019); *Bonilla-Bukhari v. Berryhill*, 357 F.Supp.3d 341 (S.D.N.Y. Mar. 4, 2019); *Stewart v. Berryhill,* 2019 WL 772334, at *8 (E.D.N.C. Feb. 20, 2019); *Catherine V. v. Berryhill*, 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019); *Sprouse v. Berryhill*, --F.Supp.3d--, 2019 WL 1075601, at *4-6 (D.N.J. Feb. 6, 2019); *Dierker v. Berryhill*, 2019 WL 246429, at *4 (S.D. Cal. Jan. 16, 2019), r*eport and recommendation adopted,* 2019 WL 446231 (S.D. Cal. Feb. 5, 2019); *Byrd v. Berryhill*, 2019 WL 95461, at *6 n.10 (E.D. Cal. Jan. 3, 2019); *Velasquez o/b/o Velasquez v. Berryhill*,

however, that there is a division of opinion on this legal issue in this district. On March 4, 2019, two opinions were issued by this court addressing and accepting a *Lucia* challenge like the one raised here: *Bizarre v. Berryhill,* 364 F.Supp.3d 418 (M.D. Pa. 2019), and *Cirko v. Berryhill*, No. 17-CV-680, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019). In both *Bizarre and Cirko,* the Court held that an appointments clause claim could be timely raised for the first time in the District Court. *Bizarre*, 364 F.Supp.3d at 420; *Cirko*, 2019 WL 1014195 at *1. As noted in *Bizarre*, the Court's holding "breaks from the emerging consensus of federal district courts," that an appointments clause claim must be raised during the administrative proceedings. *Bizarre*, 364 F.Supp.3d at 420; *see e.g., Muhammad v. Berryhill*, ___ F.Supp.3d ___, 2019 WL 2248694 at *2 (E.D. Pa. May 23, 2019) (collecting cases).

---

2018 WL 6920457, at *3 (E.D. La. Dec. 17, 2018*), report and recommendation adopted*, 2019 WL 77248 (E.D. La. Jan. 2, 2019); *Cox v. Berryhill*, 2018 WL 7585561, at *2 (E.D. Pa. Dec. 18, 2018); *Bowman v. Berryhill*, 2018 WL 7568360, at *12 (S.D. Iowa Dec. 13, 2018); *Abbington v. Berryhill*, 2018 WL 6571208, at *9 (S.D. Ala. Dec. 13, 2018); *Nickum v. Berryhill*, 2018 WL 6436091, at *5-6 (D. Kan. Dec. 7, 2018); *Faulkner v. Comm'r of Soc. Sec.*, 2018 WL 6059403, at *2-3 (W.D. Tenn. Nov. 19, 2018); *Pugh v. Comm'r of Soc. Sec.*, 2018 WL 7572831, at *1 (W.D. Mich. Nov. 8, 2018); *Page v. Comm'r of Soc. Sec.*, 344 F.Supp.3d 902, 904 (E.D. Mich. Oct. 31, 2018); *Blackburn v. Berryhill*, --F.Supp.3d--, 2018 WL 7823455, at *2 (E.D. Ky. Oct. 18, 2018); *Garrison v. Berryhill*, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); *Deidre T. v. Comm'r of Soc. Sec. Admin.*, 2018 WL 7823090, at *20 (N.D. Ga. Sept. 28, 2018); *Williams v. Berryhill*, 2018 WL 4677785, at *2-3 (S.D. Miss. Sept. 28, 2018); *Davidson v. Comm'r of Soc. Sec.*, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, 2018 WL 4380984, at *5-6 (N.D. Iowa Sept. 14, 2018); *Hugues v. Berryhill*, 2018 WL 3239835, at *2 n.2 (C.D. Cal. July 2, 2018)

It its motion to stay the Commissioner notes that the decisions in both *Bizarre* and *Cirko* have been appealed to the United States Court of Appeals for the Third Circuit. *Bizarre v. Comm'r of Soc. Sec.*, No. 19-1773 (3d Cir.); *Cirko v. Comm'r of Soc. Sec.*, No. 19-1772 (3d Cir.). These pending appeals raise one of the same issue presented in this case, i.e., whether Plaintiff forfeited the appointments clause challenge by failing to raise the issue during administrative proceedings. Resolution of this issue by the court of appeals should, in turn, avoid protracted piecemeal litigation of this question in countless other Social Security appeals, including the instant case, litigation which would essentially entail nothing more than a predictive exercise regarding the likely outcome of these two pending appeals. Further, issuing a stay pending resolution of this appeals is well within the court's discretion since: "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket ...." *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Mendez v. Puerto Rican Int'l Cos.,* 553 F.3d 709, 712 (3d Cir.2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 20 n. 23, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)) ("[The] decision [to stay litigation] is one left to the district court ... as a matter of its discretion to control its docket."); *Nicholas v. Wyndham Int'l, Inc.,* 149 Fed. Appx. 79, 81 (3d Cir.2005) ("In general, the power to temporarily stay proceedings lies within the informed, sound discretion of the district courts.").

In this case, we believe that a stay of proceedings in this case is appropriate pending resolution of this issue by the Court of Appeals. Therefore, IT IS HEREBY ORDERED that the defendant's motion to stay (Doc. 16) is CONDITIONALLY GRANTED, as discussed below, and:

(1) This matter will be STAYED pending the Third Circuit's ruling in *Bizarre* and *Cirko*.

(2) The parties shall notify the Court when *Bizarre and Cirko* have been decided.

(3) Because this case is fully briefed on its merits, this stay order is entered conditionally and without prejudice to the Court continuing its merits assessment of the remaining issues on appeal. If that merits assessments reveals grounds for the Court to act, which do not require resolution of the Appointments Clause questions, we reserve the rights to enter a Report and Recommendation in this case, as we have done in the past in other Social Security Appeals. *See* e.g. *Slotcavage v. Berryhill*, No. 3:18-CV-1214, 2019 WL 2521634 *10, n. 4 (M.D.Pa. June 3, 2019) (Carlson, M.J.) (remanding claim for further proceedings even though Plaintiff had made an Appointments Clause challenge, finding "because we have found a basis for remand on other grounds relating to the ALJ's evaluation of the medical evidence, we need not address the merits of this argument") *R&R adopted by* 2019 WL 2521223 (June 18, 2019); *Ray v. Berryhill*, No. 1:18-CV-00567, 2018 WL 7821004 *7, n. 2 (M.D.Pa. Dec. 21, 2018) (Carlson, M.J.) (same) *R&R adopted by* 2019 1299269 (March 21, 2019).

This order is entered without prejudice to any party seeking to lift this stay upon a showing of good cause.

So ordered this 3d day of October 2019.

                                                 */s/ Martin C. Carlson*
                                                 Martin C. Carlson
                                                 United States Magistrate Judge