## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMIAN HOOVER,** | : | **Civil No.  1:19-CV-579** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ANDREW SAUL,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.      Factual and Procedural Background

We are now called upon to write the last chapter in this Social Security appeal. Specifically, we must consider whether the plaintiff, Damian Hoover, who has prevailed on one of the claims he advanced in this appeal, an argument that his case should have been remanded for rehearing before a properly appointed Administrative Law Judge under the Appointments Clause to the United States Constitution, Art. II, § 2, cl. 2, pursuant to Lucia v. S.E.C., 138 S. Ct. 2044 (2018) and Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020), is now entitled to attorneys' fees under the Equal Access to Justice Act, ("EAJA"). 28 U.S.C. § 2412. The EAJA provides for fee awards in cases where a litigant has prevailed in setting aside government agency action, unless the

1

government demonstrates that its litigation position was "substantially justified." This is a term of art which means: " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988). As discussed below, we recognize that the issue of whether a plaintiff who has successfully argued for a remand due to this Appointments Clause issue is entitled to attorney's fees under the EAJA is a hotly contested question. However, on the facts of this case, we do not find it necessary to reach this issue because we conclude that Hoover's attorney's fees claim succeeds on another independent ground.

The pertinent facts can be simply stated. The plaintiff brought this Social Security appeal challenging an adverse decision by an Administrative Law Judge denying an application for disability benefits. On appeal, the plaintiff advanced a number of merits issues challenging the agency decision. Included among these merits issues was an argument that the Administrative Law Judge (ALJ) erred by assigning great weight to Dr. Feinstein's medical opinion when crafting the residual functional capacity (RFC) assessment in this case, without explaining why that RFC did not incorporate all of the limitations found by Dr. Feinstein.

In addition to these merits claims, Hoover argued a structural issue relating to the ability of the ALJ to preside over this case, contending that this case should be remanded for rehearing before a properly appointed Administrative Law Judge

2

pursuant to <u>Lucia v. S.E.C.</u>, 138 S. Ct. 2044 (2018), which held that certain federal agency Administrative Law Judges were "Officers of the United States," within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2, cl. 2, and therefore should have been appointed to their positions by either the President, a court of law, or the Department head.

At the time that the plaintiff pursued this appeal, the question of whether a plaintiff needed to exhaust this Appointments Clause issue by presenting it in a timely fashion to the Administrative Law Judge was hotly contested with many district courts in this circuit imposing an exhaustion requirement upon Social Security claimants, while several court rejected the government's contention that agency exhaustion was a prerequisite to assertion of this argument. Recognizing the disputed, and potentially dispositive, nature of this legal issue, we stayed consideration of this case because the question of the application of <u>Lucia</u> to Social Security ALJs was pending before the United States Court of Appeals for the Third Circuit in two cases, <u>Bizarre v. Comm'r of Soc. Sec.</u>, No. 19-1773 (3d Cir. 2020) and <u>Cirko v. Comm'r of Soc. Sec.</u>, No. 19-1772 (3d Cir. 2020). These appeals raised one of the same issue presented in this case, *i.e.*, whether a plaintiff forfeited the appointments clause challenge by failing to raise the issue during administrative proceedings. On January 23, 2020, the Court of Appeals held that "that exhaustion is not required in this context," and affirmed a decision which called for the remand

of a Social Security appeal for re-hearing by an ALJ who was properly appointed under the Appointments Clause to the United States Constitution. Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020).

Finding that the holding in Cirko controlled here and compelled a remand of this case, we entered a judgment in favor of the plaintiff and ordered this case remanded to the Commissioner for a hearing before a properly appointed ALJ. We did not reach the merits issues presented by Hoover. That favorable ruling for the plaintiff, in turn, set the stage for the instant fees dispute, with the plaintiff seeking an award of attorneys' fees under the Equal Access to Justice Act (EAJA), and the Commissioner resisting such a fees award.

This motion is fully briefed and is ripe for resolution. While the parties have devoted great attention in their briefs to the question of whether the Commissioner's position regarding our stated ground for remand—the Appointments Clause issue decided in Cirko—was substantially justified, the parties all agreed that we should also consider whether the plaintiff was entitled to EAJA fees based upon the underlying merits issues raised in Hoover's appeal. We have accepted the parties' invitation to look beyond the stated grounds for remand, and to consider the underlying merits issues in this case. Having conducted a further in-depth evaluation of these merits issues, we find that Hoover was correct when he argued that the ALJ erred by assigning great weight to Dr. Feinstein's medical opinion when developing

the RFC in this case without explaining why that RFC did not incorporate all of the limitations found by Dr. Feinstein. Accordingly, finding that Hoover was entitled to a remand  on the merits of his appeal, we also conclude that Hoover's motion for attorneys' fees should be granted.

## II.   **Discussion**

The instant case calls upon us to apply benchmarks set by statute in accordance with Supreme Court precedent which defines these legal guideposts. The Equal Access to Justice Act (EAJA) creates a right to attorney's fees in certain cases where a litigant successfully challenges some government agency action, and provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> 28 U.S.C. § 2412(d)(1)(A).

> Thus, under the EAJA:

> [E]ligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. Only

the application of the "substantially justified" condition is at issue in this case.

Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 2319, 110 L. Ed. 2d 134 (1990). As to this issue concerning whether the Commissioner's legal position was substantially justified in a way which defeats an EAJA fees petition, the Commissioner bears the burden of proof and persuasion. See Hanover Potato Prod., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993).

The Supreme Court has provided us with explicit guidance regarding the interpretation of this statutory text. As the Court has observed: "as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. at 566. "Alternatively phrased, an agency position is substantially justified if it has a reasonable basis in both law and fact." Hanover Potato Prod., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993). Moreover, in making this substantial justification determination "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." Comm'r,

6

I.N.S. v. Jean, 496 U.S. 154, 161–62, 110 S. Ct. 2316, 2320, 110 L. Ed. 2d 134 (1990).

The EAJA applies to Social Security disability appeals. Therefore, when a disability claimant prevails on appeal counsel is entitled to recovery of attorney's fees under the Act, unless the Commissioner's legal position, both at the agency level and before the district court, was substantially justified. As the court of appeals has observed:

> [U]nder 28 U.S.C. § 2412(d)(2)(D), "the position of the United States" includes not only the position taken in the litigation, but the agency position that made the litigation necessary in the first place. Taylor, 835 F.2d at 1040 (quoting Lee v. Johnson, 801 F.2d 115, 116 (Becker, J., dissenting sur denial of petition for rehearing)). Thus, unless both the agency's litigation and pre-litigation positions meet the [legal standards prescribed by the EAJA], the government's position is not substantially justified.

Hanover Potato Prod., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993).

In this regard, notably the court of appeals has also held that when a disability claim is remanded because at the pre-litigation stage the ALJ "dismissed, without explanation, a physician's medical opinion[,]" an EAJA fees award is warranted. Diaz v. Comm'r of Soc. Sec., 410 F. App'x 430, 432 (3d Cir. 2010). Thus, caselaw in this circuit has found that a remand compelled by an ALJ's failure to adequately explain the evaluation of a physician's medical opinion justifies the award of attorney's fees under the EAJA.

Applying these legal guideposts, we turn to a consideration of this particular fees petition. At the outset, we note that the parties have focused much of their argument on the stated reason for our remand decision, our conclusion that Cirko's interpretation of the ALJ constitutional Appointments Clause issue compelled a remand. On this score, in resisting an attorney's fees award under the EAJA, the Commissioner argues that the agency's legal position regarding the need for administrative exhaustion of Appointments Clause claims was " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

This is a close, and difficult, question but ultimately is an issue we need not reach. Prior to the court of appeals' ruling in Cirko, the Commissioner's argument that agency exhaustion was required to pursue an Appointments Clause claim had enjoyed significant success in the lower courts, with many courts—including courts within this circuit—imposing an administrative exhaustion requirement upon Social Security claimants.[1] Thus, prior to the court of appeals' ruling in Cirko the

---

[1] See, e.g., Allen v. Berryhill, 2019 WL 1438845, *13 (N.D. Cal. Mar. 31, 2019); Johnson v. Berryhill, 2019 WL 1430242, *14 (D. Conn. Mar. 29, 2019); Mercer v. Comm'r of Soc. Sec., 2019 WL 1433762, *3, n.5 (N.D. Ala. Mar. 29, 2019); Perez v. Berryhill, 2019 WL 1405642, *5 (S.D. Fla. Mar. 28, 2019); Wreede v. Comm'r of Soc. Sec., 2019 WL 1324024, *22 (N.D. Ohio Mar. 25, 2019); Lee v. Berryhill, 2019 WL 1299366, *1 (E.D. Va. Mar. 21, 2019); Del Valle-Roman v. Berryhill, 2019 WL 1281171, *2 (M.D. Fla. Mar. 20, 2019); Flack v. Comm'r of Soc. Sec., 2019 WL 1236097, *2-4 (S.D. Ohio Mar. 18, 2019); Hernandez v. Berryhill, 2019 WL 1207012, *6-7 (D. Neb. Mar. 14, 2019); Fitzgerald v. Berryhill, 2019 WL

preponderance of judicial opinions favored the Commissioner's view of this exhaustion issue. Moreover, while the decision in Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020) resolved this question within the Third Circuit, notably many other federal courts have declined to follow the path charted in Cirko. Indeed, other federal courts have found that "the Third Circuit's decision in Cirko is unpersuasive and counter to our precedent." Carr v. Comm'r, SSA, 961 F.3d 1267, 1275 (10th Cir. 2020).[2]

---

1125666, *2-4 (W.D. Ky. Mar. 12, 2019); Bonilla-Bukhari v. Berryhill, 357 F. Supp. 3d 341 (S.D.N.Y. Mar. 4, 2019); Stewart v. Berryhill, 2019 WL 772334, *8 (E.D.N.C. Feb. 20, 2019); Catherine V. v. Berryhill, 2019 WL 568349, *2 (D. Minn. Feb. 12, 2019); Sprouse v. Berryhill, --F. Supp. 3d--, 2019 WL 1075601, *4-6 (D.N.J. Feb. 6, 2019); Dierker v. Berryhill, 2019 WL 246429, *4 (S.D. Cal. Jan. 16, 2019), report and recommendation adopted, 2019 WL 446231 (S.D. Cal. Feb. 5, 2019); Byrd v. Berryhill, 2019 WL 95461, *6, n.10 (E.D. Cal. Jan. 3, 2019); Velasquez o/b/o Velasquez v. Berryhill, 2018 WL 6920457, *3 (E.D. La. Dec. 17, 2018), report and recommendation adopted, 2019 WL 77248 (E.D. La. Jan. 2, 2019); Cox v. Berryhill, 2018 WL 7585561, *2 (E.D. Pa. Dec. 18, 2018); Bowman v. Berryhill, 2018 WL 7568360, *12 (S.D. Iowa Dec. 13, 2018); Abbington v. Berryhill, 2018 WL 6571208, *9 (S.D. Ala. Dec. 13, 2018); Nickum v. Berryhill, 2018 WL 6436091, *5-6 (D. Kan. Dec. 7, 2018); Faulkner v. Comm'r of Soc. Sec., 2018 WL 6059403, *2-3 (W.D. Tenn. Nov. 19, 2018); Pugh v. Comm'r of Soc. Sec., 2018 WL 7572831, *1 (W.D. Mich. Nov. 8, 2018); Page v. Comm'r of Soc. Sec., 344 F. Supp. 3d 902, 904 (E.D. Mich. Oct. 31, 2018); Blackburn v. Berryhill, --F. Supp. 3d--, 2018 WL 7823455, *2 (E.D. Ky. Oct. 18, 2018); Garrison v. Berryhill, 2018 WL 4924554, *2 (W.D.N.C. Oct. 10, 2018); Deidre T. v. Comm'r of Soc. Sec. Admin., 2018 WL 7823090, *20 (N.D. Ga. Sept. 28, 2018); Williams v. Berryhill, 2018 WL 4677785, *2-3 (S.D. Miss. Sept. 28, 2018); Davidson v. Comm'r of Soc. Sec., 2018 WL 4680327, *2 (M.D. Tenn. Sept. 28, 2018); Stearns v. Berryhill, 2018 WL 4380984, *5-6 (N.D. Iowa Sept. 14, 2018); Hugues v. Berryhill, 2018 WL 3239835, *2, n.2 (C.D. Cal. July 2, 2018).

[2] See, e.g., Fields v. Saul, No. 5:19-CV-113-MOC-WCM, 2020 WL 3454584, *4 (W.D.N.C. Jun. 5, 2020), report and recommendation adopted, No. 5:19-CV-113-

Recognizing the shifting legal terrain in this field, numerous courts in this circuit have considered whether the Commissioner's position, which was rejected in Cirko, was nonetheless substantially justified and warrants denial of attorneys' fees under the EAJA. These cases are sharply divided regarding whether the denial of attorney's fees is appropriate in this setting under the EAJA since there was a substantial justification to the position advanced by the Commissioner.[3]

---

MOC-WCM, 2020 WL 3453847 (W.D.N.C. Jun. 24, 2020); Ferrin v. Saul, No. 19-CV-4010-LLR, 2020 WL 1979754, *17 (N.D. Iowa Apr. 8, 2020), report and recommendation adopted sub nom. Ferrin v. Comm'r of Soc. Sec., No. 19-CV-4010-LRR, 2020 WL 1976297 (N.D. Iowa Apr. 24, 2020); Gagliardi v. Soc. Sec. Admin., 441 F. Supp. 3d 1284, 1288 (S.D. Fla. 2020); Velez v. Saul, No. 18-CV-2055-LTS-KEM, 2020 WL 3120989, *9 (N.D. Iowa Feb. 12, 2020), report and recommendation adopted, No. C18-2055-LTS, 2020 WL 1131487 (N.D. Iowa Mar. 9, 2020). On this score, other courts have held that, "[s]nce the Third Circuit made its decision [in Cirko], however, 'district courts across the country have declined to follow its holding.' " Myers v. Comm'r of Soc. Sec., No. 1:19-CV-10010-ADB, 2020 WL 1514547, *8 (D. Mass. Mar. 30, 2020) (collecting cases). Thus, the ultimate persuasive power of the Cirko decision throughout the federal court system remains contested.

[3] This growing tide of case law is exemplified by numerous decisions by district courts throughout the Third Circuit which have denied EAJA claims. See, e.g., McNeish v. Saul, No. CV 18-582, 2020 WL 4060322, *6 (E.D. Pa. Jul. 20, 2020); Wojciechowski v. Saul, No. CV 18-3843, 2020 WL 3542248, *1 (E.D. Pa. Jun. 30, 2020); Powell v. Saul, No. CV 18-4881, 2020 WL 3542250, *1 (E.D. Pa. Jun. 30, 2020); Brito v. Saul, No. CV 19-2160, 2020 WL 3498099, *1 (E.D. Pa. Jun. 29, 2020); Cosgrove v. Saul, No. CV 19-2556, 2020 WL 3498105, *1 (E.D. Pa. June 29, 2020); Lebron-Torres v. Comm'r of Soc. Sec. Admin., No. CV 18-1212, 2020 WL 3488424, *1 (E.D. Pa. Jun. 26, 2020); Marant v. Saul, No. CV 18-4832, 2020 WL 3402416, *1 (E.D. Pa. Jun. 19, 2020); Hines v. Comm'r of Soc. Sec., No. CV 18-16037 (SRC), 2020 WL 3396801, *1 (D.N.J. Jun. 18, 2020); Hill v. Saul, No. CV 18-5564, 2020 WL 3250484, *1 (E.D. Pa. Jun. 16, 2020); Diaz v. Saul, No. CV 18-5075, 2020 WL 3127941, *1 (E.D. Pa. Jun. 12, 2020); Cortese v. Comm'r of Soc. Sec., No. CV 18-3437, 2020 WL 2745741, *1 (E.D. Pa. May 27, 2020),

Fortunately we need not foray into this keenly disputed arena because we believe that the question of counsel's entitlement to EAJA fees turns on a wholly independent issue unrelated to our stated grounds for ordering a remand in this case. In their briefs, and during oral argument, the parties jointly urged us to review the underlying merits claims made by Hoover, matters which we did not address due to our remand decision based upon this Appointments Clause question. Having conducted the review recommended to us by all parties, we conclude that Hoover raised one meritorious issue relating to the ALJ's decision which would have warranted remand of this case even in the absence of the Appointments Clause claim. Therefore, based upon this finding that Hoover would have prevailed on this issue relating to a pre-litigation decision made by the ALJ when assessing the merits of Hoover's administrative claim we conclude that an attorney's fees award is justified in this case.

Specifically Hoover contends that the ALJ erred by assigning great weight to Dr. Feinstein's medical opinion when developing the RFC in this case without

---

reconsideration denied, No. CV 18-3437, 2020 WL 3498104 (E.D. Pa. Jun. 29, 2020); Holmes v. Berryhill, No. CV 19-784, 2020 WL 2126787, *1 (E.D. Pa. May 4, 2020). We acknowledge, however, that other courts have reached contrary results. See Byrd v. Saul, No. CV 18-5248-RAL, 2020 WL 3469031, *1 (E.D. Pa. Jun. 25, 2020); Armstrong v. Saul, No. CV 19-2094, 2020 WL 3057801, *1 (E.D. Pa. Jun. 9, 2020).

explaining why that RFC did not incorporate all of the limitations found by Dr. Feinstein. We agree, and find that a remand was also warranted on this basis.

In this regard, we note that the record reveals that Dr. Feinstein was a treating physician who had cared for Hoover for a number of years. (Tr. 1265-96). On February 20, 2018, Dr. Feinstein completed a medical source statement which described Hoover's postural limitations in the workplace in terms that imposed extreme restrictions upon the plaintiff. (Tr. 1322-27). Specifically, Dr, Feinstein opined that Hoover could only sit for 30 minutes at a time, stand for only 10 minutes at a time, and walk for 10 minutes at a time. (Tr. 1323). Dr. Feinstein also stated that during an eight hour work day Hoover could sit for 4 hours, stand for 2 hours, and walk for 2 hours. (Id.)

In his decision denying benefits to Hoover, the ALJ stated that "[g]reat weight is given to [Dr. Feinstein's] assessment of sitting, standing and walking limitations." (Tr. 25). However, the extreme limitations found by the doctor are not accurately reflected in the RFC formulated by the ALJ, and many elements of these limitations found by Dr. Feinstein, and allegedly given great weight by the ALJ, are never mentioned in that RFC. Instead, the RFC simply states that Hoover may perform light work, "except the claimant would be limited to standing or walking for four out of eight hours." (Tr. 21).

This RFC does not accurately reflect the profound degree of impairment found by Dr. Feinstein, who stated that Hoover could only sit for 30 minutes at a time, stand for 10 minutes at a time, and walk for 10 minutes at a time, and further found that during an eight hour work day Hoover could sit for 4 hours, stand for 2 hours, and walk for 2 hours. (Tr. 1323). Rather, it significantly understates the sitting, standing, and walking restrictions found by Dr. Feinstein. Furthermore, the difference between the doctor's opinion and the ALJ's findings is entirely unexplained. Given that the ALJ claims to have given great weight to Dr. Feinstein's opinions on these matters, the unexplained, but significant, discrepancies between the doctor's findings and the ALJ's RFC assessment undermine confidence in that assessment and would compel a remand.

On this score, we note that we are not traveling on novel or uncertain ground in reaching this conclusion. Quite the contrary, it has long been well-settled that when an ALJ rejects relevant limitations in a medical opinion without explanation, a remand is required. Gonzales v. Colvin, 191 F. Supp. 3d 401, 420 (M.D. Pa. 2015). In our view, with respect to the postural limitations set forth in Dr. Feinstein's opinion, that is precisely what happened here. Therefore, this issue, standing alone, would also have compelled a remand, and warrants an attorney's fees award under the EAJA since in the absence of some articulated justification, the Commissioner's position on this question was not substantially justified. Having reached this

13

conclusion, and mindful of the fact that when it is found that a party is entitled to attorney's fees it is often the practice in Social Security litigation for parties to endeavor to stipulate to a fee award, we will afford the parties this opportunity while reserving the right to set a fees award, if necessary.

An appropriate order follows.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAMIAN HOOVER,** | : | **Civil No.  1:19-CV-579** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ANDREW SAUL,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

In accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the plaintiff's motion for attorneys' fees is GRANTED, and the parties are directed to tender a proposed stipulated order to the court on or before **September 23, 2020**. If the parties are unable to agree upon a stipulated order, they shall notify the court regarding the scope of their dispute on or before **September 23, 2020**.

SO ORDERED this 8th day of September 2020.

*/S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

15